| | |
|---|---|
| RON HARDNEY, MANUEL PANNGASIRI, and MICHELLE SALWAY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABC PHONES OF NORTH CAROLINA,<br><br>Defendant. | CASE NO.: _____<br><br>**COLLECIVE ACTION COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

Plaintiffs RON HARDNEY, MANUEL PANNGASIRI and MICHELLE SALWAY, individually and on behalf of all others similarly situated, by their attorneys Shavitz Law Group, P.A., individually and on behalf of themselves and all others similarly situated, file this Collective Action Complaint against Defendant ABC PHONES OF NORTH CAROLINA, INC., seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf themselves and all current and former non-exempt, hourly-paid Store Managers (hereinafter, regardless of precise title, referred to as "SMs") who work and/or worked for ABC Phones of North Carolina, Inc. ("ABC") within the

1

United States from the later of May 20, 2016 or the date in which Defendant reclassified its SM position from exempt to hourly, non-exempt through the date of final judgment (the "Collective" or "Collective Action Members").

2. ABC violated the FLSA by requiring Plaintiffs and the Collective Action Members to perform work "off the clock" and failing to pay them the full extent of their overtime compensation. Plaintiffs and the Collective Action Members are entitled to unpaid overtime compensation from ABC for all hours worked by them in excess of forty (40) hours in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

3. According to its website, ABC is "the leading exclusive premium retailer for Verizon" with 1,000 locations across the United States. https://www.victra.com/about-us.aspx (last viewed May 20, 2019).

4. ABC employs SMs at its store locations nationwide and uniformly classifies them as non-exempt from overtime compensation under the FLSA.

5. Pursuant to a uniform, companywide policy and practice, ABC required SMs to perform work off the clock by instructing them to: (a) perform work before they clocked in and after they clocked out; (b) work during uncompensated lunch breaks; (c) attend conference calls before and after their shifts and on days off; (d) review and respond to work related e-mail when they were off the clock and not at work; and (e) communicate with the corporate office, their supervisors, and stores regarding work-related tasks when they were off the clock.

6. ABC's systematic failure and refusal to pay Plaintiffs and all other similarly situated SMs for all hours worked over 40 in a workweek violates the FLSA.

7. Plaintiffs allege on behalf of themselves and all similarly situated current and former non-exempt, hourly SMs (however variously titled) employed by ABC in the United

2

Case 5:20-cv-00076-BO   Document 1   Filed 05/20/19   Page 2 of 13

States during the relevant period that they are entitled to: (i) unpaid wages for unpaid hours worked in excess of 40 in a workweek; (ii) liquidated damages, and (iii) reasonable attorneys' fees and costs, pursuant to the FLSA.

## THE PARTIES

*Plaintiffs*

8. Plaintiff RON HARDNEY is an adult individual who is a resident of Manalapan, New Jersey.

9. HARNDEY was employed by Defendant from approximately October 2016 to March 2017 at an ABC location in Freehold, New Jersey.

10. Plaintiff MANUEL PANNGASIRI is an adult individual who is a resident of Addison, Texas.

11. PANNGASIRI was employed by Defendant from approximately August 2014 to December 2018 at ABC locations in Coppell, Arlington, Waco, Mesquite, Frisco, Plano, Grapevine, and El Paso, Texas.

12. Plaintiff MICHELLE SALWAY is an adult individual who is a resident of Alliance, Nebraska.

13. SALWAY was employed by Defendant from October 2016 to August 2018 at an ABC location in Alliance, Nebraska.

14. Pursuant to ABC's policy, pattern or practice, Plaintiffs regularly performed work as SMs for ABC's benefit without receiving all legally mandated compensation. Specifically, ABC did not pay Plaintiffs overtime compensation for all hours they worked as SMs in excess of 40 hours in a workweek, in violation of the FLSA.

15. Plaintiffs' written Consent to Join forms are attached as **Exhibit A**.

*The Defendant*

16. ABC Phones of North Carolina, Inc. is a North Carolina corporation with its principal place of business located in Raleigh, North Carolina. Defendant does business under the name Victra.

17. At all relevant times, Defendant operated under the brand names A Wireless and/or Victra.[1]

18. ABC employed Plaintiffs and other similarly situated current and former SMs and, at all material times, directly and/or indirectly, jointly or severally, controlled and directed Plaintiffs' and the Collective Action Members' terms of employment and compensation.

19. ABC had the power to control the terms and conditions of employment of Plaintiffs and the Collective Action Members, including, without limitation, those terms and conditions relating to the claims alleged herein.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

21. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA, 29 U.S.C. § 201 *et seq.*, pursuant to 29 U.S.C. § 216(b).

22. ABC is subject to personal jurisdiction in New Jersey.

23. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because Plaintiff HARDNEY was employed by Defendant in this district.

24. ABC is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

---

[1] Defendant previously did business under the name A Wireless. In or around late 2017, Defendant rebranded A Wireless and changed its name to Victra.

4

## COLLECTIVE ACTION ALLEGATIONS

25. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and all similarly situated persons who work or have worked for ABC as non-exempt, hourly SMs (however variously titled) at any time from the later of May 20, 2016 or the date in which Defendant reclassified its SM position from exempt to hourly, non-exempt" to the entry of judgment in this case.

26. ABC is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the Collective Action Members. There are many similarly situated current and former SMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated SMs are known to ABC, are readily identifiable, and can be located through ABC's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

27. Plaintiffs and the Collective Action Members worked for ABC as SMs and regularly worked more than 40 hours a week.

28. Throughout the relevant period, it has been ABC's policy, pattern or practice to require, suffer, or permit Plaintiffs and the Collective Action Members to work in excess of 40 hours per week without paying them premium overtime compensation for all of the overtime hours they worked.

29. ABC failed to pay Plaintiffs and the Collective Action Members all overtime compensation due and owing to them for the hours they worked in excess of 40 in a workweek. Plaintiffs and the Collective Action Members were not compensated for time spent: (a) performing work before they clocked in and after they clocked out; (b) working during

5

Case 5:20-cv-00076-BO    Document 1    Filed 05/20/19    Page 5 of 13

uncompensated meal breaks; (c) attending conference calls before and after their shifts and on their days off; (d) reviewing and responding to work related e-mail when they were off the clock and not at work; and (e) communicating with the corporate office, their supervisors, and stores regarding work-related tasks when they were off the clock.

30. ABC assigned all of the work that Plaintiffs and the Collective Action Members performed and/or ABC was aware of the work that they performed.

31. ABC failed to keep accurate records of the hours worked by Plaintiffs and the Collective Action Members.

32. Plaintiffs and the Collective Action Members performed the same or similar primary job duties, which are non-exempt.

33. ABC has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA and with respect to Plaintiffs and the Collective Action Members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by ABC's North Carolina headquarters. This policy, pattern or practice includes but is not limited to:

    (a)    willfully failing to record all of the time that Plaintiffs and the Collective Action Members have worked for the benefit of ABC;

    (b)    willfully failing to keep accurate payroll records as required by the FLSA;

    (c)    willfully failing to credit Plaintiffs and the Collective Action Members for all overtime hours worked, consistent with the requirements of the FLSA; and

    (d)    willfully failing to pay Plaintiffs and the Collective Action Members overtime compensation for hours that they worked in excess of 40 hours per workweek.

34. ABC is aware or should have been aware that federal law required them to pay

35. their employees performing non-exempt duties an overtime premium for all hours worked in excess of 40 hours per workweek.

36. ABC's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**Brought on Behalf of Plaintiffs and Similarly Situated Current and Former**
**SMs Against Defendant**

37. Plaintiffs reallege and incorporate by reference the allegations in all preceding paragraphs.

38. ABC has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiffs and the Collective, as detailed in this Complaint.

39. At all relevant times, Plaintiffs and the Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to ABC.

41. ABC was an employer of Plaintiffs and the Collective Action Members and was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Plaintiffs and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

43. ABC has failed to pay Plaintiffs and the Collective Action Members all overtime compensation to which they are/were entitled under the FLSA.

44. ABC has failed to keep accurate records of time worked by the Plaintiffs and the Collective Action Members.

45. ABC's violations of the FLSA, as described in this Collective Action Complaint, have been, and continue to be, willful and intentional.

46. ABC is aware of its obligations under the FLSA, but did not make a good faith effort to comply with the FLSA with respect to its time keeping and compensation of Plaintiffs and the Collective Action Members.

47. Because ABC's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

48. As a result of ABC's willful violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, RON HARDNEY, MANUEL PANNGASIRI and MICHELLE SALWAY, individually and on behalf of all other similarly situated members of the Collective, pray for the following relief:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members who are/were employed by Defendant during the applicable statute of limitations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Unpaid wages, statutory penalties and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*., the supporting United States Department of Labor

regulations, as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

        C.      An injunction enjoining Defendant from violating the FLSA and its regulations in the future;

        D.      Pre and post-judgment interest;

        E.      Attorneys' fees and costs of the action, including expert fees; and

        F.      Injunctive, equitable, or other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: May 20, 2019

        Respectfully submitted,

        *s/ Michael J. Palitz*
        Michael J. Palitz
        New Jersey Bar No. 001002010
        mpalitz@shavitzlaw.com
        **SHAVITZ LAW GROUP, P.A.**
        800 3rd Avenue, Suite 2800
        New York, New York 10022
        Tel: (800) 616-4000
        Fax: (561) 447-8831

        Gregg I. Shavitz (to be admitted *pro hac vice*)
        gshavitz@shavitlzlaw.com
        Camar R. Jones (to be admitted *pro hac vice*)
        cjones@shavitzlaw.com
        Tamra C. Givens (to be admitted pro hac vice)
        tgivens@shavitzlaw.com
        **SHAVITZ LAW GROUP, P.A.**
        951 Yamato Road, Suite 285
        Boca Raton, Florida 33431
        Tel:    (561) 447-8888
        Fax:   (561) 447-8831

        ***Attorneys for Plaintiffs and the Putative Collective***

# EXHIBIT A

DocuSign Envelope ID: 40263B50-B2DB-4E40-8205-831084905AD2

## CONSENT TO JOIN FORM

1.  I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>A Wireless</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.  I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.  I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*DocuSigned by:*
*Ronald Hardney*
Signature

Ronald Hardney
Print Name

# CONSENT TO JOIN FORM

1.   I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>A Wireless,</u> and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.   I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.   I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Manuel Panngasiri
Print Name

DocuSign Envelope ID: CBFD5299-A3F8-47A7-B502-F0A51E67FA6C

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>A Wireless</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

─DocuSigned by:
*Michelle Salway*
─9AED8C4D68FA4C8...
Signature

Michelle Salway

Print Name