NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

RON HARDNEY, MANUEL
PANGASIRI, and MICHELLE SALWAY,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

ABC PHONES OF NORTH CAROLINA,
INC.,

    Defendant.

Case No. 3:19-cv-12722-BRM-ZNQ

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is Defendant ABC Phones of North Carolina, Inc. ("ABC") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 24.) Plaintiffs Ron Hardney ("Hardney"), Manuel Panngasiri ("Panngasiri"), and Michelle Salway ("Salway") (collectively, "Plaintiffs") oppose these motions. (ECF No. 29.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion to Transfer Venue is **GRANTED** and their Motion to Dismiss is **ADMINISTRATIVELY TERMINATED WITHOUT PREJUDICE**.

1

I.  **FACTUAL BACKGROUND**

This case, a nationwide putative collection action brought by Plaintiffs on behalf of themselves and all other purportedly similarly situated, arises out of claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, against ABC, a retailer for Verizon wireless products and services. (Compl. (ECF No. 1) ¶ 1.) Plaintiffs are former employees of ABC. (*Id.*) Hardney is a resident of Manalapan, New Jersey and worked at ABC in New Jersey. (*Id.* ¶¶ 8, 9.) Panngasiri is a resident of Addison, Texas and worked "at locations in Coppell, Arlington, Waco, Mesquite, Frisco, Plano, Grapevine, and El Paso, Texas." (*Id.* ¶¶ 10, 11.) Salway is a resident of Alliance, Nebraska and worked at ABC in Nebraska. (*Id.* ¶¶ 12, 13.) ABC is a North Carolina corporation headquartered in Raleigh, North Carolina. (*Id.* ¶ 16.)

During the course of employment, Plaintiffs were given the designation of "Store Managers" and classified as "non-exempt, hourly paid" employees.[1] (*Id.* ¶ 1.) Plaintiffs allege that they "regularly worked more than 40 hours a week," and ABC failed to compensate them "for the hours they worked in excess of 40 in a workweek." (*Id.* ¶¶ 27, 29.) Specifically, Plaintiffs claim ABC "intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating FLSA . . . which . . . was authorized, established, promulgated, and/or ratified by ABC's North Carolina headquarters." (*Id.* ¶ 33.) Accordingly, Plaintiffs bring this putative collective action against ABC for "failing to properly compensate Plaintiffs and the Collective Action Members" in violation of FLSA. (*Id.* ¶¶ 25, 26.) Plaintiffs are seeking to recover "[u]npaid wages, statutory penalties and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.*, . . . as well as Defendant's share of FICA, FUTA, state unemployment insurance

---

[1] Plaintiffs claim that such classifications occurred between "the later of May 20, 2016 or the date in which [ABC] reclassified its [Store Manager] position from exempt to hourly, non-exempt through the date of final judgment." (ECF No. 1 ¶ 25.)

and any other required employment taxes." (*Id.* at 9.) Further, Plaintiffs seek injunctive relief to enjoin ABC from "violating the FLSA and its regulations in the future."[2] (*Id.*)

## II. LEGAL STANDARD

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In deciding a motion to transfer, the Court must first determine whether the alternative forum is a proper venue. *Fernandes v. Deutsche Bank Nat'l Trust Co.*, 157 F. Supp. 3d 383, 389 (D.N.J. 2015); *see* 28 U.S.C. § 1391. Venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a plaintiff has laid a proper venue, "[t]he decision whether to transfer falls in the sound discretion of the trial court." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000). However, "the burden of establishing the need for transfer . . . rests with the movant." *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3d Cir. 1995).

The Court must consider three factors when determining whether to grant a transfer under § 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the

---

[2] In addition, Plaintiffs seek (1) "[p]re and post-judgment interest"; (2) "[a]ttorneys' fees and costs of the action, including expert fees"; and (3) "[i]njunctive, equitable, or other relief as this Court deems just and proper." (ECF No. 1 at 9.)

3

interests of justice. *Liggett Grp., Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 526 (D.N.J. 2000) (citing 28 U.S.C. § 1404(a); *Jumara*, 55 F.3d at 879). These factors are not exclusive and must be applied through a "flexible and individualized analysis . . . made on the unique facts presented in each case." *Id.* at 527 (citations omitted). The first two factors have been refined into a non-exhaustive list of private and public interests that courts should consider. *See Jumara*, 55 F.3d at 879-80.

The private interests a court should consider include: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 474 (D.N.J. 1998) (quoting *Jumara*, 55 F.3d at 879).

The public interests a court should consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* (citing *Jumara*, 55 F.3d at 879-80).

**III.     DECISION**

In moving to transfer venue, ABC contends the Western Division of the Eastern District of North Carolina is the "appropriate venue for this action." (ECF No. 24 at 3.) As an initial matter, this action may be transferred pursuant to the plain language of 28 U.S.C § 1404(a), where "a district court may transfer any civil action to any other district or division where it might have been brought." Further, pursuant to 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Here, ABC is the sole defendant in this matter and is headquartered in Raleigh, North Carolina. (ECF No. 1 ¶ 16.) Accordingly, the Court finds this action could have been brought in the Western Division of the Eastern District of North Carolina. Therefore, the Court may proceed with its analysis of weighing private and public interest factors.

**A.     Private Interest Factors**

ABC contends private interest factors weigh in favor of transferring this matter to the Eastern District of North Carolina. (ECF No. 24 at 12.) Specifically, ABC argues the Eastern District of North Carolina is where the company is headquartered, "the policies and practices about which Plaintiffs complain were developed, approved and implemented," and key witnesses and documents are located. (*Id.*) In opposition, Plaintiffs argue that "the private interest factors set forth in *Jumara* weigh heavily in favor of this case remaining in the District of New Jersey." (ECF No. 29 at 5.)

**i.     Parties Forum Preferences and Convenience of the Parties**

The parties' forum preference and convenience in this action inherently compete. Generally, "the plaintiff's choice of forum is of paramount concern in deciding a motion to transfer

5

venue." *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 681 (D.N.J. 1993). However, "[t]he choice of forum by a plaintiff is simply a preference; it is not a right." *Liggett*, 102 F. Supp. 2d at 530. Notably, a plaintiff's choice of forum "becomes substantially less important when he sues representatively on behalf of a class." *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J 1996) (quotation omitted). Here, although the District of New Jersey is Plaintiffs' preferred venue, Plaintiffs bring this action on behalf of a putative collective with members located across the United States.[3] (ECF No. 24 at 8; Skiba Decl. ¶¶ 10–11.) As such, Plaintiffs' choice of forum is afforded less deference. *See Santomenno v. Transamerica Life Ins. Co.*, No. 11-736, 2012 U.S. Dist. LEXIS 44883, at *5 (D.N.J. Mar 30, 2012) ("[A] plaintiff's choice of forum is accorded less deference because the potential members of the class will likely be scattered across the United States."). Therefore, where potential plaintiffs reside in both districts but no defendant is located in the District of New Jersey, the Western Division of the Eastern District of North Carolina is the more favorable venue. *See Kane v. Ollie's Bargain Outlet Holdings, Inc.*, No 18-3475, 2018 U.S. Dist. LEXIS 199168 (D.N.J. Nov 26, 2018) (citing *Spack v. Trans World Entm't Corp.*, No. 17-2687, 2017 U.S. Dist. LEXIS 202340, at *7 (D.N.J. Dec. 8, 2017).

Further, while "substituting one party's inconvenience for another's hardly [is] a substantial reason for granting [a] motion [to transfer]," *Park Inn Int'l, LLC*, 105 F. Supp. 2d at 378, a transfer here will not result in a mere substitution of inconveniences. Although one of the named plaintiffs is a resident of New Jersey, courts have "afforded little deference to a [p]laintiffs

---

[3] The record shows that "ABC employed 34 other individuals, who are named in Plaintiff's Notice of Filing Consents to Join of Opt-In Plaintiffs (ECF No. 8.) ("Potential Plaintiffs"). The Potential Plaintiffs were employed in North Carolina and across the country in Alabama, California, Minnesota, Maryland, North Dakota, Nebraska, New York, Ohio, Pennsylvania, Rhode Island, Tennessee, Texas, Virginia, Washington, and Wisconsin." (Skiba Decl. ¶ 11.)

choice of forum because in [actions like these] the participation of the class representative is generally minimal and the potential members of the class will likely be scattered across the United States." *Atanassov v. Amspec Servs., LLC*, No. 15-3628, 2016 U.S. Dist. LEXIS 22334, at *13 (D.N.J. Feb. 24, 2016) (granting transfer from New Jersey when two of three named plaintiffs, as well as 28 opt-in plaintiffs, were residents of New Jersey) (citing *Santomenno*, No. 11-736, 2012 U.S. Dist. LEXIS 44883, at *15-17 (D.N.J. Mar 30, 2012)). Further, absent Hardney, who is a resident of New Jersey, none of the "[t]hirty-four other individuals [who] have executed consents to join in this litigation reside within the State." (ECF No. 24; ECF No. 8.) In addition, neither Panngasiri nor Salway are residents of New Jersey—with the former residing in Texas and the latter residing in Nebraska. Therefore, because the sole defendant in this case is headquartered in North Carolina, with only one named Plaintiff residing in New Jersey, the private interest factors weighing parties' forum preferences and convenience favors transfer to the Western Division of the Eastern District of North Carolina. *See Kane*, 2018 U.S. Dist. LEXIS 199168, at *9.

### ii. Forum in Which Plaintiffs' Claims Arose

The parties dispute the location where Plaintiffs' FLSA claims arose. (ECF No. 24 at 10; ECF No. 29 at 7.) The third private interest factor—whether plaintiffs' claims arose elsewhere— "may be best understood as a consideration of which constitutes the 'center of gravity' of the dispute, its events, and transactions." *Travelodge Hotels, Inc. v. Perry Developers, Inc.*, No. 11-1464, 2011 U.S. Dist. LEXIS 134478, at *5 (D.N.J. Nov. 22, 2011) (citing *Park Inn Int'l*, 105 F. Supp. 2d at 377-78). Significantly, "the location of the alleged injury is not considered when determining the 'center of gravity' or where the claim arose in matters where no physical injury has occurred." *Sanomenno*, 2012 U.S. Dist. LEXIS 44883, at *8. Rather, "[t]he center of gravity analysis is a fact sensitive inquiry that seeks to identify the forum in which the operative facts

giving rise to the litigation occurred." 2012 U.S. Dist. LEXIS 44883, at *7; *Days Inns Worldwide, Inc. v. Ram Lodging, LLC*, No. 09-2275, 2010 U.S. Dist. LEXIS 37790, at *6 (D.N.J. Apr. 14, 2010). Accordingly, "[w]hen the central facts of the lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference." *LG Elecs.*, *Inc. v. First Intern. Computer, Inc.*, 138 F. Supp. 2d 574, 590 (D.N.J. 2001) (citation omitted).

Here, while one Plaintiff was personally affected by ABC's conduct when working in New Jersey, the crux of Plaintiffs' putative collective action is ABC "engaged in a company-wide policy, patter, or practice of violating the FLSA." (ECF No. 1 ¶ 33.) Indeed, the principal allegations focus on ABC's failure to pay "Plaintiffs and the Collective Action Members . . . overtime compensation . . . for the hours they worked in excess of forty (40) in a workweek. (*Id.* ¶ 2.) It is ABC's "systematic failure and refusal to pay Plaintiffs and all other similarly situated [Store Managers] for all hours worked over 40 in a workweek," (*id.* ¶ 6.), not the underlying damage suffered by one plaintiff in a collective action, which must be considered to determine the center of gravity of this litigation. *See NPR, Inc. v. Am. Intern. Ins. Co. of Puerto Rico*, No. 00-242, 2001 U.S. Dist. LEXIS 3463, at *4 (D.N.J. Mar. 28, 2001); *Santomenno*, 2012 U.S. Dist. LEXIS 44883, at *8 ("[B]ecause Plaintiffs are acting on behalf of a putative class, it is important to recognize that members of the proposed class will have suffered injury throughout the United States and its territories."). Therefore, ABC's North Carolina headquarters, where company-wide policies and practices were instituted, is the center of gravity of Plaintiffs' claims. *See In re Consolidated Pariodel Litig.*, 22 F. Supp. 2d 320, 323-24 (D.N.J. 1998) ("The plaintiff's interest decreases even further where the central facts of a lawsuit occur outside of the chosen forum."). Accordingly, this factor weighs in favor of transfer.

### iv. Conveniences of the Witnesses

The parties dispute whether the convenience for key witnesses and location of documents favor transfer to the Western Division of the Eastern District of North Carolina. (ECF No. 24 at 11-13; ECF No. 29 at 9-10.) "Witness convenience should be considered only to the extent that any witness may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Further, the parties dispute where non-party witnesses reside, as well as, whether any such witnesses reside beyond "this Court's subpoena power." (ECF No. 24 at 13; ECF No. 29 at 9-10.) "To the extent that identified key witnesses are beyond the compulsory process of this court, this factor weighs . . . in favor of transfer to the alternative forum." *Travelodge Hotels, Inc.*, 2011 U.S. Dist. LEXIS 134478, at *7; *see also Newhall v. Chase Home Fin. LLC*, No. 10-2749, 2010 U.S. Dist. LEXIS 115690, at *5 (D.N.J. Oct. 28, 2010) (finding "the inability . . . to compel the attendance of the Florida witnesses [was] a factor that strong[ly] weigh[ed] in favor of transfer to Florida").

Plaintiffs contend "Defendant has failed to identify any non-party witnesses in North Carolina," and offers to travel to North Carolina to depose any former corporate executives. (ECF No. 29 at 9-10.) Further, Plaintiffs rely on *Affymetrix, Inc. v. Synteni, Inc*, for the position that employers are "obligated to procure the attendance of its own employees at trial." 28 F. Supp. 2d 192, 203 (D. Del 1998). However, ABC identifies at least three witnesses[4] who "would be unavailable for litigation in New Jersey," as they no longer are employed by ABC and reside beyond "this Court's subpoena power." (ECF No. 24 at 13.) In contrast, Plaintiffs fail to mention

---

[4] Specifically, ABC contends that Jeffrey Huffman, former Executive Director of Human Resources and Training, Gerren Brown, former Director of Human Resources, and Leigh Anna Weaver, former Human Resources Business Partner, reside beyond this Courts subpoena power, as "they are located in North Carolina." (ECF No. 24 at 13.)

any specific witness who would fall outside of the Western Division of the Eastern District of North Carolina.[5] (ECF No. 29 at 9.) Moreover, while Plaintiffs offer to travel to the location of ABC's witnesses for deposition, "[t]he availability of depositions as a method of providing witness testimony is not determinative [in requests to transfer venue]." *Ramada Worldwide v. Bellmark Sarasota*, 2006 U.S. Dist. LEXIS 96543, at *4 (D.N.J. June 15, 2006). Accordingly, the convenience of the witnesses favors transfer.

### v. Location of Books and Records

Finally, with respect to the last private interest factor—the location of books and records—Plaintiffs contend this factor weighs against transfer because "[i]n the day of the internet and electronic transmission of documents, location of documents assumes even less significance." (ECF No. 29 at 10, citing *Glaxosmithkline Consumer Healthcare, L.P. v. Metrix Pharmaceutical Corp.*, 2005 WL 1116318, at *8 (D.N.J. May 10, 2005)). In contrast, ABC argues that this factor weighs in favor of transfer as "the Eastern District of North Carolina is also the location of the corresponding book and records." (ECF No. 24 at 13.) Because ABC has not provided sufficient evidence that the "documents relevant to the litigation would be unduly burdensome or expensive to transport to" the District of New Jersey, this factor weighs against transfer. *Travelodge Hotels, Inc.*, 2011 U.S. Dist. LEXIS 134478, at *19 (Nov. 22, 2011).

### B. Public Interest Factors

The parties dispute all six of the public interest factors. ABC argues litigation in the Eastern District of North Carolina will serve "[t]he interests of justice and judicial economy," as "that district's courts are significantly less congested, and transfer would make litigation more

---

[5] Plaintiffs simply allege that "the material witnesses with first-hand knowledge of Plaintiff's duties are to be found in the 100-mile radius of this federal court in Trenton - - - co-workers, supervisors, and regional managers." (ECF No. 29 at 9.)

expeditious and less expensive due to the proximity of parties and witnesses." (ECF No. 24 at 14.) Plaintiffs contend these factors "favor denying transfer" for both "the convenience of the parties" and because New Jersey has a "strong public policy supporting wage and hour claims." (ECF No. 29 at 11-12.) Further, Plaintiffs argue the "Defendant's superior resources make it easier for it to litigate in New Jersey than for Plaintiffs to litigate in North Carolina." (ECF No. 29 at 8 (citing *United States Fire Ins. Co. v. Aldworth Co.*, No. 04 Civ. 4963, 2005 U.S. Dist. LEXIS 12613, at *16 (D.N.J. June 28, 2005))).

The Court already found the private interest factors regarding convenience of witnesses weighs in favor of transfer. In weighing the public interest factor related to practical consideration, potential delays caused by witnesses needing to travel may be considered. *See Carter v. U.S.*, No. 10-2927, 2010 U.S. Dist. LEXIS 86505, at *3 (E.D. Pa. Aug. 20, 2010); *Colon v. Pitney Bowes Corp.*, No. 06-5016, 2007 U.S. Dist. LEXIS 9454, at *4 (D.N.J. Feb. 8, 2007). Because only one named Plaintiff resides in New Jersey and ABC is located in North Carolina, the overall likelihood of delays caused by litigation is greater if the matter remains in the District of New Jersey. Therefore, transfer to the Western Division of the Eastern District of North Carolina would make trial easier, more expeditious, and less expensive. *See Atanassov*, No. 15-3628, 2016 U.S. Dist. LEXIS 22334, at *5 (D.N.J. Feb. 24, 2016). Accordingly, this factor weighs in favor of transfer.

Further, to the extent ABC argues transfer is proper because the court's docket for the District of New Jersey is more congested than that of the Eastern District of North Carolina (ECF No. 24 at 14.), "relative congestion of the respective courts' dockets is not a factor of great importance in this type of motion." *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 339 (D.N.J. 2003). Even so, statistics offered by ABC show that the Eastern District of North Carolina has

11

"less than half the cases per judgeship than in the District of New Jersey."[6] (ECF No. 24 at 15.) Although Plaintiffs argue that this "factor is neutral and does not weigh in favor of either party," Plaintiffs do not advance support for their argument. (ECF No. 29 at 12.) Accordingly, because the District of New Jersey is the relatively more congested venue than the Eastern District of North Carolina, this factor weighs in favor of transfer.

As for the enforceability of the judgment, Plaintiffs contend there "is little significant difference in enforcing a judgment in one federal forum than in another." (ECF No. 29 at 12, citing *E'Cal Corp. v. Office Max. Inc.*, No. 01 Civ. 3281, 2001 U.S. Dist. LEXIS 15868, at *4 (E.D. Pa. Sept. 7, 2001)). As such, Plaintiffs contend that this factor is neutral. (ECF No. 29 at 12.) Further, regarding the unfamiliarity of this Court with North Carolina law, Plaintiffs contend this factor is irrelevant because this is a federal question case. (*Id.* at 11.) In contrast, ABC argues "Plaintiffs ignore the significant issue that the parties' Arbitration Agreement is governed by North Carolina law," and as such, "the interests of justice will be better served by transferring this action to a court that is more familiar with North Carolina law." (ECF No. 31 at 7.) While this Court agrees with ABC that North Carolina Courts "are better suited to adjudicate [the] case" when faced with complex issues of North Carolina law, "there is little significant difference . . . in one federal forum than in another," when a court is purely enforcing a judgment. *E'cal Corp.*, 2001 U.S. Dist. LEXIS 15868, at *13. Accordingly, this Court finds that the enforceability of judgment factor is neutral.

Finally, the sixth public interest factor— the familiarity of the trial judge with applicable state law in diversity cases—is inapplicable because the Court does not exercise diversity jurisdiction over this case. Plaintiffs assert this Court has subject matter jurisdiction under federal

---

[6] ABC cites to U.S. Courts, *Federal Court Management Statistics–Profiles* (Mar. 31, 2019), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2019.pdf.

question pursuant to 28 U.S.C. §§ 1331 and 1337 as well as 29 U.S.C. § 201. (ECF No. 1 ¶¶ 20-21.) Therefore, because Plaintiffs do not plead subject matter jurisdiction under diversity of citizenship, the final public interest factor is irrelevant. *See Geraci v. Red Robin Int'l, Inc.*, No. 18-15542, 2019 U.S. Dist. LEXIS 104989, at *5 n.3 (D.N.J. June 21, 2019) (finding the final public interest factor to be irrelevant where plaintiffs did not assert diversity jurisdiction).

Finally, the parties dispute whether public policy and local interests support transfer. ABC contends "the Eastern District of North Carolina should face the burden of jury duty . . . and regulate the conduct of a company headquartered in its state." (ECF No. 24 at 16.) Conversely, Plaintiffs argue New Jersey has "a local interest in keeping this litigation at home" because "Plaintiff Hardney resides and worked for Defendant in New Jersey" and due to the state's "strong public policy supporting wage and hour claims." (ECF No. 29 at 12.) However, this Court already concluded the center of gravity where Plaintiffs' claim arose was the Western Division of the Eastern District of North Carolina–ABC's North Carolina Headquarters.[7] Because Plaintiffs bring this action on behalf of a collective with potential members scattered among several states, interests in this case rise beyond entirely local issues. Therefore, because the allegations against ABC center around its North Carolina headquarters, and only one of the named Plaintiffs resides in New Jersey, the public policy and local interests support the Western Division of the Eastern District of North Carolina as the more favorable venue. Accordingly, these two factors weigh in favor of transfer.

Considering the private and public interest factors and the interests of justice, *Liggett Grp., Inc.* 102 F. Supp. 2d at 526 (citing 28 U.S.C. § 1404(a)), the Court finds ABC meets its burden of

---

[7] Plaintiffs own complaint admits that the "pattern, or practice of violating the FLSA . . . with respect to Plaintiffs and the Collective Action Members . . . were promulgated, and/or ratified by ABC's North Carolina headquarters." (ECF No. 1 ¶ 33.)

establishing the need for transfer. *Jumara*, 55 F. 3d at 879. Accordingly, ABC's Motion to Transfer to the Western Division of the Eastern District of North Carolina is **GRANTED**.

IV. **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Transfer is **GRANTED**. Accordingly, Defendants' Motion to Dismiss is **ADMINISTRATIVELY TERMINATED WITHOUT PREJUDICE** and may be refiled in the Western Division of Eastern District of North Carolina if appropriate. An order will follow.


Date: February 27, 2020
　　　　　　　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**