IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-76-BO

RON HARDNEY, et al., )
)
Plaintiffs, )
)
v. ) ORDER
)
ABC PHONES OF NORTH CAROLINA, )
)
Defendant. )

This matter comes before the Court on plaintiff's motion for equitable tolling. For the reasons that follow, the motion is GRANTED.

## BACKGROUND

This is a collective action for overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs challenge the timekeeping, payroll, and overtime payment policies and practices of ABC Phones of North Carolina, an authorized retailer of Verizon Wireless services and equipment, operating locations nationwide.

On March 9, 2020, defendant moved to stay this action pending resolution of a settlement agreement in a similar case against the same defendant in the Western District of Tennessee. *See O'Bryant v. ABC Phones of North Carolina, Inc.*, No. 2: 19-cv-02378 (W.D. Tenn.). Plaintiffs opposed the stay and on April 14, moved to conditionally certify an FLSA collective action and authorize notice of putative opt-in plaintiffs. On May 5, the Court granted defendant's motion to stay this action pending resolution of the motion to approve settlement in *O'Bryant*. Following the Court's order, plaintiff filed the instant motion to equitably toll the claims of potential opt-in

plaintiffs during the pendency of the stay. Defendant opposes the motion, which is ripe for disposition.

## DISCUSSION

In an FLSA collective action, the two-year statute of limitations continues to run for each plaintiff until he or she files written consent to join the suit. *See* 29 U.S.C. § 256(b). Accordingly, courts have equitably tolled FLSA claims where conditional certification is delayed. *See e.g.*, *Weckesser v. Knight Enterprises S.E., LLC*, No. 2:16-CV-02053-RMG, 2018 WL 4087931, at *4 (D.S.C. Aug. 27, 2018); *Lorenzo v. Prime Commc'ns, L.P.*, No. 5:12-CV-69-H, 2014 WL 3366073, at *2 (E.D.N.C. July 9, 2014); *McGlone v. Contract Callers*, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012).

In this case, plaintiff filed a motion for conditional certification, but the Court stayed the action pending disposition of the motion to approve settlement in the Tennessee case. The motion to approve settlement was filed in early September 2019. On March 17, 2020, the Tennessee court set oral argument on the motion for April 10, 2020. However, later that day, in response to public health concerns relating to COVID-19, the court ordered that all civil proceedings were continued until after April 17, 2020. On June 1, 2020, the *O'Bryant* parties filed a renewed joint motion for oral argument seeking a telephonic hearing. A hearing was scheduled but was subsequently cancelled.

Plaintiffs have diligently pursued conditional certification, but a decision on that motion is delayed because the Court stayed the case. This decision was beyond plaintiffs' control. Plaintiffs seek tolling to preserve the claims of the putative class members and keep them in the same position they would have been had the stay not been entered. Considering the extensive delays caused by coronavirus, it is unclear when the court in *O'Bryant* will have the opportunity to rule

2

on the motion to approve settlement. Defendant's assertion in its response brief that the motion will be dealt with soon is mere speculation. Accordingly, the Court concludes that equitable tolling is proper considering the procedural posture of this action.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion [DE 77] is GRANTED. The statute of limitations relating to the claims of the collective action members as pled in the complaint is tolled from May 5, 2020 until the date this Court enters an order lifting the stay.

SO ORDERED, this __20__ day of July, 2020.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE