IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-76-BO

| | |
|---|---|
| RON HARDNEY, MANUEL PANGASIRL, AND MICHELLE SALWAY, ) ) ) Plaintiffs, ) ) v. ) ) ABC PHONES OF NORTH CAROLINA, INC. ) ) Defendant. ) | O R D E R |

This cause comes before the Court on the parties' Updated Status Report [DE 88], filed pursuant to this Court's May 4, 2020 order [DE 75].

## BACKGROUND

This is a collective action for overtime wages brought pursuant to the Fair Labor Standards Act (FLSA). Plaintiffs challenge the timekeeping, payroll, and overtime payment policies and practices of ABC Phones of North Carolina, an authorized retailer of Verizon Wireless services and equipment, operating locations nationwide.

On March 9, 2020, defendant moved to stay this action pending resolution of a settlement agreement in a similar case against the same defendant in the Western District of Tennessee. *See O'Bryant v. ABC Phones of North Carolina, Inc.*, No. 2: 19-cv-02378 (W.D. Tenn.). Plaintiffs opposed the stay and on April 14 moved to conditionally certify an FLSA collective action and authorize notice of putative opt-in plaintiffs. On May 4, the Court granted defendant's motion to stay this action pending resolution of the motion to approve settlement in *O'Bryant*. The *O'Byrant* court denied the then-pending motion without prejudice. In the parties' updated status report, the parties state that plaintiff believes the stay granted in the May 4, 2020 was automatically lifted

while defendant believes that plaintiffs would need to file a motion to lift the stay, which defendant would oppose.

## DISCUSSION

### Continue Stay

A district court has inherent authority to manage its docket, which includes the authority to stay litigation pending the outcome of a decision by a court of appeals on an issue which would affect or control the outcome in a case before it. *See Ryan v. Gonzales*, 568 U.S. 57, 73 (2013); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether to stay proceedings, a district court generally considers "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-2274-JFA, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (citation omitted). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

The Court finds that based on the language in its May 4, 2020 stay order and its June 20, 2020 order on equitable tolling that the stay in this case was not automatically lifted on August 4, 2020 when the motion to approve settlement was denied. The Court, having considered these factors, finds a stay is no longer warranted. The case has already been stayed for four and a half months, and it should not remain stayed any longer.

### Dismiss

Also pending on the docket is defendant's motion to dismiss. [DE 58]. Plaintiff responded in opposition to the motion to dismiss. [DE 63]. Since the stay is lifted, this motion is now ripe for disposition.

Plaintiffs filed their complaint against defendant on May 20, 2019 [DE 1]. Notice to parties regarding the transfer of the case to the Eastern District of North Carolina from the District of New Jersey was issued on February 28, 2020. [DE 50]. After a case is removed, a defendant who did not file an answer before removal must answer or present other defenses or objections within the longest of 1) twenty-one days after receiving a copy of the initial pleading stating the claim for relief, 2) twenty-one days after being served with the summons for an initial pleading on file at the time of service, or 3) seven days after the notice of removal is filed. Fed. R. Civ. P. 81(c)(2). The Federal Rules of Civil Procedure do not mention the time period for filing an answer or other defense or objection if the case has been transferred. The defendant filed a motion to stay the case on March 9, 2020, which was within seven days of the filing of the notice of removal. [DE 56]. The defendant filed its motion to dismiss on March 10, 2020. [DE 58]. The Court therefore construes the motion to dismiss as timely and addresses the motion on the merits.

Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

3

Defendant argues in its motion to dismiss that plaintiffs fail to allege that, in addition to typically working forty-hour workweeks, they also worked over forty hours during at least one or more workweeks and were not compensated for the extra hours in one of those workweeks. Defendant cites a Third Circuit case stating the standard for a plausible FLSA overtime claim as one that "allege[s] [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Davis v. Abington Mem. Hosp*, 765 F.3d 236, 242 (2014) (citing *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013)).

The Fourth Circuit, however, defines the standard for stating a plausible FLSA overtime claims as one that "provide[s] sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). This standard does not require the plaintiff to identify a particular week in which they work uncompensated hours, but merely estimate the length of her average workweek and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or assert any other facts that permit the court to find plausibility. *Id.*

Here, plaintiffs allege facts which establish an overtime wage violation of the FLSA that "nudge[s] their claim[s] from conceivable to plausible." *Id.* In their complaint, plaintiffs allege that they worked in excess of forty hours per week and were not paid premium overtime compensation for all of the overtime hours they worked. [DE 1 at 5]. Plaintiffs specifically allege that defendant did not compensate them for time in excess of forty hours spent 1) performing work before they clocked in and after they clocked out, 2) working during uncompensated meal breaks, 3) attending conference calls before or after their shifts and on their days of, 4) reviewing and responding to work-related email when they were off the clock and not at work, and 5) communicating with the corporate office, their supervisors, and stores regarding work-related tasks when they were off the

4

clock. [DE 1 at 5–6]. This finding is consistent with that of similar cases in the Fourth Circuit in which district courts have refused to grant a motion to dismiss in an FLSA overtime claim. *See Allen v. Express Courier In't, Inc.*, 2018 U.S. Dist. LEXIS 24582, at *5 (W.D.N.C. 2018) (finding that plaintiffs had alleged sufficient factual matter to state a plausible claim to relief when they "allege[d] that they worked more than forty hours per week, that defendants knew of these hours, yet failed to pay plaintiffs overtime wages, and that plaintiffs' vehicle expenses caused their pay to drop below minimum wage"); *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 668 (D. Md. 2011) (finding that plaintiffs had stated a claim for violation of FLSA's overtime provision when the complaint detailed the types of work activities that occupied plaintiffs' alleged overtime hours, thereby providing defendant notice of the basis of the allegations); *Williams v. Imeni*, 2017 U.S. Dist. LEXIS 77791 at *8 (E.D.N.C. 2017) (finding that plaintiffs alleged sufficient facts to state a claim for violation of the FLSA when they alleged that defendants failed to adequately compensate them for all hours worked and that plaintiffs failed to compensate them for hours they were required to attend training sessions). In sum, plaintiffs have alleged plausible claims for relief and the motion to dismiss for failure to state a claim is denied.

## CONCLUSION

For the continued efficient administration of justice, the stay previously imposed in this matter [DE 75] is LIFTED and defendant's motion to dismiss for failure to state a claim [DE 58] is DENIED. The defendant is DIRECTED to submit an answer to plaintiffs' complaint, filed May 20, 2019 [DE 1], not later than October 12, 2020 and make any filings in response to plaintiffs' motion to conditionally certify an FLSA collective action and authorize notice to putative opt-in plaintiffs, filed April 14, 2020 [DE 67], not later than October 21, 2020. Defendant's motion for extension of time to respond to plaintiffs' motion to certify is GRANTED [DE 68].

SO ORDERED, this 30 day of September, 2020.

                                             TERRENCE W. BOYLE
                                             CHIEF UNITED STATES DISTRICT JUDGE